# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| LANCE SCOTT BOUTTE', ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:13-CV-294 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Lance Scott Boutte', a *pro se* prisoner, on October 3, 2013. For the reasons set forth below, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

BACKGROUND

Lance Scott Boutte', a *pro se* prisoner, signed this habeas corpus petition and placed it into the prison mailing system on August 29, 2013. He is attempting to challenge his convictions for voluntary manslaughter and aggravated battery for which he was sentenced to a total of 55 years by the Allen Superior Court under cause number 02D04-0003-CR-151 on July 6, 2001. Boutte' pled guilty and did not file a direct appeal, but he has nevertheless made

numerous efforts over the years to challenge these convictions. The respondent argues that the petition is untimely. Boutte' argues that he is entitled to equitable tolling.

DISCUSSION

Habeas Corpus petitions are subject to a strict one year statute of limitations. 28 U.S.C. § 2244(d) provides four possible dates from which the limitation period begins to run.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The respondent argues that the court should apply § 2244(d)(1)(A) and calculate the 1-year period of limitation starting from August 6, 2001, because that is when the conviction became final upon the expiration of the time for filing a direct appeal.[1] Boutte' does not explicitly dispute the use of that date nor assert the applicability of any of the other three possible starting dates. Rather, he argues that:

> Under equitable tolling - I was just ruled stable on January 26, 2012 – competent to be responsible for my actions. Belated Appeal December 7, 2011. They stated reducing medication in 2010, because I was over medicated from 200 mg a month injection to 25 mg a month. Haven't had too many problems so far. Still adjusting as necessary under competency – DOC/Med/Psych took off involuntary treatment ruled stable January 26, 2012.

(DE #1 at 13.)

Boutte' is clearly asserting an equitable tolling argument. However, his allegation that he was over medicated also invokes § 2244(d)(1)(B) by asserting that State action impeded him from being able to file a habeas corpus petition before January 26, 2012. Though it is doubtful that Boutte' could demonstrate that State action impeded him from being able to file a habeas corpus petition before January 26, 2012, because the petition is untimely even when

---

[1] The date in the respondent's brief is August 5, 2001. (DE #5 at 7.) This accurately calculates 30 days for filing a notice of appeal. *See* Indiana Rule of Appellate Procedure 9.A. However, because August 5, 2001, was a Sunday, Boutte' had until the following Monday – August 6, 2001 – to file a notice of appeal. *See* Rule 25.

3

using that as the starting date, the Court will calculate the 1-year period of limitation starting on January 26, 2012.[2]

Beginning the 1-year period of limitation on January 26, 2012, Boutte' had until January 28, 2013,[3] to file a timely habeas corpus petition. However, he did not sign this habeas corpus petition and

---

[2] Boutte' submitted numerous filings during the years in which he alleges that he was over medicated, not competent, and unstable. He provides no explanation for how he was able to submit so many filings to the courts in Indiana over the years, but was unable to prepare and mail a habeas corpus petition to this Court. The Indiana Court of Appeals provided a brief summary of some of Boutte's litigation history as follows:
> On December 7, 2001, Boutte filed a petition for post-conviction relief that he later amended on February 4, 2002. The petition alleged, among other things, that Boutte did not knowingly and voluntarily enter into the plea and that he was denied effective assistance of counsel. On January 21, 2003, the trial court denied the petition, and on February 17, 2003, the court denied Boutte's motion to correct error and motion to reconsider sentence.
> On April 2, 2003, Boutte filed an appeal from the trial court's denial of his petition for post-conviction relief. On appeal, we concluded that Boutte waived review of his post-conviction claims for failure to make a cogent argument. Waiver notwithstanding, we addressed the merits of Boutte's claims and affirmed the trial court. *See Boutte v. State*, No. 02A03-0304-PC-137 (Ind. Ct. App. March 19, 2004).
> On August 30, 2004, Boutte filed a motion to correct erroneous sentence, which the trial court denied on August 31, 2004. Boutte filed a motion to correct error, which the trial court denied on September 30, 2004.
> On October 18, 2004, Boutte filed a notice of appeal. On December 7, 2005, this court ordered dismissal of the appeal. During the interim period between the filing of the notice of appeal and the dismissal, Boutte filed a motion for modification of sentence, which was denied on April 12, 2005.
> On August 24, 2007, Boutte filed a verified petition for permission to file a belated notice of appeal. On October 29, 2007, the trial court denied the petition.
> On December 7, 2011, Boutte again filed a verified petition for permission to file a belated appeal with a supporting affidavit. The petition was denied on December 16, 2011, and a consequent motion to correct error was denied on January 23, 2012.

*Boutte v. State*, 02A05-1202-CR-91, slip op. at 2-3 (Ind. Ct. App. September 7, 2012) (DE #5-12 at 2-3.)
For additional detail showing Boutte's extensive filings during these years, see the docket sheets and briefs filed with this record. (DE #5-1, #5-2, #5-3, #5-7, #5-8, #5-14, #5-15, #5-16, and #5-17.)

[3] The one year ended on January 26, 2013, but that was a Saturday. Therefore Boutte' had until the following Monday. *See* Federal Rules of Civil Procedure 6(a)(2)(C).

4

place it into the prison mailing system until August 29, 2013. So unless the limitation period was tolled, the petition is untimely. Before addressing Boutte's equitable tolling argument, the Court will first address the statutory tolling provision of 28 U.S.C. § 2244(d)(2). That provision of the statute stops the clock for those days during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts.

On January 26, 2012, Boutte' had pending a motion to correct error asking the trial court to overturn its denial of his petition asking for permission to file a belated appeal. (DE #5-1 at 12-13.) When that motion was denied, he appealed to the Court of Appeals of Indiana and then petitioned for transfer to the Indiana Supreme Court which denied transfer on November 21, 2012. Thus, he was not authorized to filed a belated appeal. As such, none of those proceedings tolled the 1-year period of limitation. *Cf. Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending). So too, Boutte's request to pursue a belated direct appeal was never authorized and so it did not toll or extend the one-year limit either. The only other proceedings that Boutte' had pending on or after January 26, 2012, involved his child

molesting conviction (DE #5-15 at 10) and his drug conviction (DE #5-16 at 8). However, because neither of them are related to the conviction at issue in this proceeding, neither of them tolled the 1-year period of limitation either.

However, Boutte' asserts that he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quotation marks and citation omitted). Equitable tolling is an extraordinary remedy that is rarely granted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806 (7th Cir. 2013).

Here, Boutte' has not even alleged, much less demonstrated, that anything prevented him from filing a habeas corpus petition after January 26, 2012. Boutte' waited nineteen months after that date before he signed this habeas corpus petition on August 29, 2013. There is simply no basis for finding that any circumstance (much less an extraordinary one) stood in his way and prevented him from filing a habeas corpus petition after January 26, 2012. Neither has he alleged, much less demonstrated, that he diligently pursued his rights. To the extent that he mistakenly believed that seeking to file a belated direct appeal somehow prevented him from

also seeking habeas corpus relief, he nevertheless waited nine months to file this habeas corpus petition after the Indiana Supreme Court denied his petition to transfer on November 21, 2012. "That lack of action does not show reasonable diligence, and it does not show that extraordinary circumstances actually prevented [him] from filing." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Thus, Boutte' is not entitled to equitable tolling and this petition must be dismissed because it is untimely.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant a certificate of appealability. When a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely and Boutte' has not even presented a colorable claim for equitable tolling. Because there is no basis for finding that jurists of reason would debate the correctness of these rulings or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**DATED: April 27, 2015**               /s/RUDY LOZANO, Judge
                                         **United State District Court**