UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LANCE SCOTT BOUTTE', <br><br> Petitioner, <br><br> v. <br><br> SUPERINTENDENT, <br><br> Respondent. | CAUSE NO.: 1:13-CV-294-TLS |

**OPINION AND ORDER**

Lance Scott Boutte', a prisoner without a lawyer, filed a belated motion seeking leave to file a Rule 60(b) so he can assert there has been a fraud upon the court in this habeas corpus case. ECF No. 19. This motion is denied.

Though Federal Rule of Civil Procedure 60(b)(3) allows a court to set aside a judgment if there was a fraud upon the court, Rule 60(c)(1) requires that motion be filed within one year after the judgment was entered. Judgment in this case was entered April 27, 2015. ECF No. 27. It is too late for the court to consider a Rule 60(b)(3) motion. Though Boutte' asks the court to allow him to file the Rule 60(b)(3) motion late, this court cannot extend that deadline. *See In re Cook Med., Inc.*, 27 F.4th 539, 543 (7th Cir. 2022) (finding that Rule 60(c)'s one-year deadline is not jurisdictional but is a mandatory claims-processing rule that must be enforced).

Rule 60(b) motions in habeas corpus cases are unauthorized successive petitions if the motion advances one or more claims. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Challenges to procedural rulings are not unauthorized successive petitions. *Id*. This case was dismissed for a procedural reason: it was untimely. ECF No. 12. But the proposed Rule 60(b) motion does not challenge that ruling. Rather, it argues several people lied during the insanity hearing for his

State criminal case. ECF No. 19-4. This argument seeks to advance one of his claims. The proposed Rule 60(b) motion would be an unauthorized successive petition over which this court lacks jurisdiction.

This court cannot grant Boutte' leave to file a successive petition. Only the circuit court may do so. *See* 28 U.S.C. § 2244(b)(3)(A). Not only has Boutte' not been authorized to file a successive petition, he has been denied leave to do so. ECF No. 16. In denying his application for authorization to file a successive petition, the Seventh Circuit explained he "argues that he is innocent because he was 'insane' when he committed the crimes [even though he] already relied on his psychiatric condition to argue his innocence in his first § 2254 petition, so he is barred from reasserting the claim here." *Id.*

Boutte' knew he was not authorized to file a successive petition, yet he asks this court to allow him to do so anyway. Perhaps he did not understand his proposed Rule 60(b) motion was an unauthorized successive petition, but now he does.

For these reasons, the motion to file a belated Rule 60(b) motion [ECF No. 19] is DENIED. Lance Scott Boutte' is CAUTIONED if he files another unauthorized successive petition, he may be fined, restricted, or otherwise sanctioned.

SO ORDERED on January 28, 2025.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT